Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4619 N. Ravenswood Ave. Suite 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorneys for Plaintiff,
MARC KRUSKOL

**UNITED STATES DISTRICT COURT,**
**CENTRAL DISTRICT OF CALIFORNIA,**
**WESTERN DIVISION**

| | |
|---|---|
| MARC KRUSKOL, | ) |
| Plaintiff, | ) Case No.: 2:15-cv-527 |
| v. | ) **PLAINTIFF'S COMPLAINT** |
| INTEGRITY SOLUTIONS SERVICES, INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MARC KRUSKOL (Plaintiff), through his attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, INTEGRITY SOLUTIONS SERVICES, INC., (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. (RFDCPA).

- 1 -

PLAINTIFF'S COMPLAINT

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in Palmdale, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in St. Charles, St. Charles County, Missouri.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed

to third parties.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

20. The alleged debt owed arises from transactions for personal, family, and household purposes.

21. In or around May 2014, Defendant began calling Plaintiff on Plaintiff's home telephone at 661-538-1789 in an attempt to collect the alleged debt.

22. Defendant called Plaintiff from 800-322-3479, 213-213-5558, and 213-259-8012, which are three of Defendant's numbers.

23. On or around May 5, 2014, Plaintiff answered one of Defendant's telephone calls and spoke with one of Defendant's collectors.

24. During the aforementioned conversation, Defendant's collector asked to speak to "Robin Kruskol."

25. In response, Plaintiff informed Defendant's collector that Robin Kruskol does not live at

Plaintiff's residence, and that Plaintiff is the sole occupant of the residence Defendant is calling.

26. Thus, Defendant is attempting to collect a debt not owed by Plaintiff.

27. Also during the aforementioned conversation, Defendant's collector did not state that he was calling from Integrity Solutions Services, Inc.

28. Defendant's collector that called Plaintiff is familiar with the FDCPA.

29. Defendant's collector that called Plaintiff was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect the debt.

30. Defendant's collector that called Plaintiff knows the FDCPA requires debt collectors to identify the company's name when communicating with Plaintiff.

31. During the aforementioned conversation, Plaintiff also explicitly told Defendant's collector to stop calling him.

32. Despite Plaintiff's request that Defendant stop calling, Defendant's collectors continued to place calls to Plaintiff in an attempt to collect the debt owed by Robin Kruskol.

33. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff every day.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff, despite being informed that "Robin Kruskol" did not live at Plaintiff's residence;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with

intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff, at least once per day, despite being told to stop calling him; and

   c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant failed to identify itself as Integrity Solutions Services, Inc. when placing collection calls to Plaintiff.

WHEREFORE, Plaintiff, MARC KRUSKOL, respectfully requests judgment be entered against Defendant, INTEGRITY SOLUTIONS SERVICES, INC., for the following:

35. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

37. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff repeats and re-alleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

39. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, MARC KRUSKOL, respectfully requests judgment be entered against Defendant, INTEGRITY SOLUTIONS SERVICES, INC., for the following:

PLAINTIFF'S COMPLAINT

40. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

41. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

42. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: January 23, 2015

By: /s/ Michael S. Agruss
Michael S. Agruss
Attorneys for Plaintiff
MARC KRUSKOL